[Cite as *In re K.N.* , 2012-Ohio-2189.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: K.N. and N.N.

:     APPEAL NO. C-120111
      TRIAL NO. F05-2692

:

:     *O P I N I O N.*

:

Civil Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 18, 2012

*Charles H. Bartlett, Jr.*, for Appellants Tony Alexander and Sonia Alexander,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Nanci Brocker*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Kimberly A. Helfrich*, Guardian Ad Litem for K.N. and N.N.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1} Appellants Tony Alexander and Sonia Alexander appeal the judgment of the Hamilton County Juvenile Court granting permanent custody of two minor children, K.N. and N.N., to the Hamilton County Department of Job and Family Services ("HCJFS").

### The First Appeal and Proceedings After Remand

{¶2} K.N. was born on August 3, 2004, and N.N. was born October 7, 2005. Sonia Alexander is the maternal grandmother of the children, and Tony Alexander is their maternal step-grandfather. The Alexanders are also the maternal grandparents of two other minor children, J.E. and J.E.

{¶3} K.N., J.E., and J.E. were voluntarily placed in the Alexanders' home as a result of their parents' inability to care for them. N.N. was placed in foster care soon after she was born. In 2005, HCJFS received interim custody of all four children. K.N., J.E., and J.E. remained with the Alexanders, while N.N. remained in foster care.

{¶4} In November 2005, police were called to the Alexander home after a report of domestic violence involving Sonia Alexander's daughter Sharonne. Because K.N., J.E., and J.E. appeared to have been neglected, HCJFS removed them from the home. K.N. was placed in the same foster home as N.N.

{¶5} In 2006, HCJFS filed a motion to award permanent custody of J.E. and J.E. to their paternal grandparents and to award permanent custody of K.N. and N.N. to HCJFS. Both of those motions were granted.

{¶6} The Alexanders appealed the grant of permanent custody of J.E. and J.E. to the paternal grandparents and the grant of permanent custody of K.N. and

N.N. to HCJFS. This court affirmed the custody award with respect to J.E. and J.E. *See In re Needom,* 1st Dist. Nos. C-080107 and C-080121, 2008-Ohio-2196, ¶ 27. But we reversed the judgment as to K.N. and N.N. on the basis that HCJFS had failed to complete a home study on the Alexanders based on the erroneous assumption that Mr. Alexander's 1984 assault conviction prevented the Alexanders from obtaining custody. *Id.* at ¶ 26. Accordingly, we remanded the cause for further proceedings, including the completion of the home study. *Id.*

{¶7}    Following remand, the home study was completed, and a hearing was conducted before a magistrate. HCJFS presented evidence that, while the Alexander home was physically adequate to house K.N. and N.N., there remained concerns about the Alexanders' ability to provide a stable and safe environment for the children. Specifically, HCJFS cited the history of domestic violence in the home and the Alexanders' failure to properly care for the grandchildren when they had previously been in their care.

{¶8}    By contrast, the evidence indicated that K.N. and N.N. had been thriving in the foster home where they had both been placed since 2005. The foster parents had provided a stable, loving home, and the children regarded them as their mother and father. Although there was evidence that the foster parents had previously administered corporal punishment in violation of their agreement with HCJFS, there was also evidence that they had ceased doing so when informed of the violation. And while the foster parents had experienced financial troubles as a result of the foster father losing his job, there was evidence that the couple's finances had stabilized. HCJFS indicated that its goal was for the foster parents to adopt K.N. and N.N., and the children's guardian ad litem supported that plan.

{¶9}    The magistrate recommended that permanent custody of K.N. and N.N. be awarded to HCJFS, and the juvenile court entered judgment in accordance with that recommendation.

## Weight of the Evidence

{¶10}   In their first assignment of error, the Alexanders argue that the trial court erred by granting permanent custody of K.N. and N.N. to HCJFS.   They contend that the judgment was based on insufficient evidence and was against the manifest weight of the evidence.

{¶11}   A court may grant a motion for permanent custody if it determines by clear and convincing evidence that (1) permanent custody is in the child's best interest, and (2) the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with either parent.  R.C. 2151.414(B)(1)(a). Once there has been a determination that a child's parents are unable to provide a suitable home, "the focus must shift from the rights of the parents to the rights of the child" and to what placement is in the child's best interest.  *In re Hockstok*, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶ 38.  The juvenile court is not required to consider placing a child with a relative before granting permanent custody to a state agency.  *Needom* at ¶ 14.

{¶12}   Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985).  A reviewing court will not reverse the judgment of a trial court as being against the manifest weight of the evidence if the record contains some competent, credible evidence from which the court could have found that the essential statutory elements for permanent custody had been established by clear and convincing evidence.  *In re McCluskey*, 1st Dist. No. C-050702, 2006-Ohio-4034, ¶ 14.

{¶13}  In determining a child's best interest, a court must consider all relevant factors, including (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers, out-of-home providers, and any other person who may significantly affect the child, (2) the child's wishes, as

4

expressed directly by the child or through the child's guardian ad litem, (3) the custodial history of the child, including whether the child has been in the temporary custody of children services agencies for 12 or more months, and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody. R.C. 2151.414(D)(1).

{¶14} In the case at bar, the juvenile court's granting of permanent custody was based on competent, credible evidence. As we noted in the previous appeal of this matter, neither of the children's biological parents was capable of providing a stable home. *Needom* at ¶ 21. Nothing that occurred following our remand of the matter has affected that determination.

{¶15} Moreover, we find no error in the juvenile court's conclusion that placement with the Alexanders would not be in the best interest of the children. Although K.N. and N.N. maintained a positive relationship with the Alexanders, the history of domestic violence and neglect supported the juvenile court's decision that more appropriate placement options were available. And in light of the children's relationship with their foster parents, the court was justified in concluding that adoption by the foster family would be the best means of providing the children a secure, permanent placement. Accordingly, we overrule the first assignment of error.

### Continued Placement with the Foster Parents

{¶16} In their second and final assignment of error, the Alexanders contend that the juvenile court erred in permitting K.N. and N.N. to remain placed with their foster parents. Having held that the juvenile court properly considered the statutory factors in determining that the proposed adoption was in the best interest of the children, we find no merit in the Alexanders' argument. The second assignment of error is therefore overruled.

## Conclusion

{¶17}    We affirm the judgment of the juvenile court.

Judgment affirmed.

**CUNNINGHAM** and **DINKELACKER, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.